IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MATTHEW LOUIS WATSON,      :
    Plaintiff,                :
                              :
    v.                       :       CIVIL ACTION NO. 26-CV-1941
                              :
RONALD ALLEN SMITH, *et al.*,    :
    Defendants.              :

## MEMORANDUM

SCOTT, J.                                                 APRIL 6, 2026

Plaintiff Matthew Louis Watson, a pretrial detainee currently housed at the Lancaster County Prison, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his rights arising from his legal representation during state court criminal proceedings. Currently before the Court are Watson's Complaint ("Compl." (ECF No. 2)), his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), and his Prisoner Trust Fund Account Statement (ECF No. 3). Watson asserts claims against attorney Ronald Allen Smith, Lancaster County District Attorney Kyle Edward Linardo, and Lancaster County Court of Common Pleas Judges Jeffrey Conrad and Todd E. Brown. (Compl. at 2, 3.) For the following reasons, the Court will grant Watson leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.      FACTUAL ALLEGATIONS[1]

The gravamen of Watson's claim is that after retaining private defense counsel to represent him in state court criminal proceedings, he sought to proceed *pro se*, but his attorney refused to withdraw his appearance, and he was supported in this decision by the District Attorney prosecuting the case and the judges presiding over it. (*See* Compl.) He claims further that the Defendants conspired to serially continue deadlines in the criminal proceedings, extending his pretrial detention and violating his right to a speedy trial. (*Id.*) Watson completed the Court's form Complaint for violations of civil rights and supplemented it with a 19-page handwritten "Memorandum of Law" that sets forth facts and legal principles. (*See id.*) He also attached a copy of docket entries from the underlying state court criminal proceedings as an Exhibit to the Complaint. (*See* ECF No. 2-1.) The Court considers the entire submission to constitute the Complaint.

On July 24, 2024, Watson was arrested and charged with driving under the influence and a variety of related vehicle and drug charges.[2] (Compl. at 13.) A year later, he retained Defendant Smith to represent him in the criminal proceedings. (*Id.*) Watson became dissatisfied with Smith's representation and on December 17, 2025, filed a motion seeking to proceed *pro se*. (*Id.*) Smith did not file a motion to withdraw after being advised that Watson no longer wanted his representation. (*Id.* at 14.) Further, on Watson's behalf, he sought a continuance of a then

---

[1] The factual allegations set forth in this Memorandum are taken from Watson's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Watson's pleading will be corrected for clarity. The Court may consider matters of public record when conducting a screening under § 1915. *See e.g., Medina v. Allentown Police Dep't,* No. 23-2055, 2023 WL 7381461, at *2 (3d Cir. Nov. 8, 2023) (citing *Buck v. Hampton Twp. Sch. Dist.,* 452 F.3d 256, 260 (3d Cir. 2006)).

[2] *See Commonwealth v. Watson,* CP-36-CR-4287-2024 (C.P. Lancaster).

2

upcoming December 22, 2025 appearance at a Call of the Criminal Trial List, where Watson had planned to present his motion to the court. (*Id.*) In light of the request for continuance, Defendant Linardo did not issue a writ to secure Watson's appearance and so he was not able to present his motion, and Judge Conrad granted Smith's request for continuance. (*Id.*) Watson, through his girlfriend, sought an explanation for Smith's request for continuance, but Smith did not respond. (*Id.* at 14-15.)

On January 21, 2026, Watson filed a Motion to Dismiss the charges against him based on a speedy trial violation. (*Id.* at 15.) He was scheduled to appear at the Call of the Criminal Trial List on February 23, 2026, where he intended to present his Motion to Dismiss to the court, but Judge Brown continued the appearance. (*Id.*)

Watson asserts claims for violation of his First, Sixth and Fourteenth Amendment rights. (*Id.* at 18, 21, 26.) He also claims that the Defendants conspired to violate his civil rights. (*Id.* at 16.) He seeks declaratory[3] and injunctive relief[4] and money damages. (*Id.* at 5, 29-30.)

---

[3] Watson does not identify the nature of the declaratory judgment he seeks. (Compl.. at 30.) Even if he had, declaratory relief is unavailable to adjudicate past conduct, so Watson's request for declaratory relief is improper. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

[4] Watson requests that an Order be entered requiring the Defendants to cease interfering with his rights. (Compl. at 30.) In light of the Court's disposition of his claims, Watson's request for injunctive relief will be denied.

The publicly available docket in *Commonwealth v. Watson*, CP-36-CR-4287-2024 (C.P. Lancaster) confirms the facts alleged by Watson. (*See id.*) The docket also reflects that following an April 2, 2026 hearing, an Order granting a Motion to Withdraw Counsel was entered. (*Id.*) Public defender William Donald Dombrowski, Esquire contemporaneously entered an appearance on Watson's behalf. (*Id.*) The case is currently listed as awaiting trial. (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Watson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

---

[5] Because Watson is a prisoner, the Prison Litigation Reform Act requires that he pay the full filing fee in installments regardless of the outcome of this case.

Because Watson is proceeding *pro se*, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.    DISCUSSION

Watson asserts claims based on alleged violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983

suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

## A.    Claims Against Attorney Smith

Watson claims that Smith used his position as a lawyer to prevent him from proceeding *pro se* and presenting his pretrial motions to the court.  (Compl. at 1.)  Additionally, he alleges that Smith is continuing to request continuances in his criminal case instead of moving to withdraw.  Watson's claims against Smith are not plausible.

An attorney performing the traditional functions of counsel – whether privately retained, court-appointed, or a public defender – is not a state actor for purposes of § 1983.  *See Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (noting that "[a] privately retained attorney clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the functions of court-appointed counsel.'") (citation omitted); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983).  "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him.").  Because Smith, a privately retained

defense attorney, is not a state actor, Watson cannot pursue his civil rights claims against him. These claims will be dismissed with prejudice.

**B.      Claims Against District Attorney Linardo**

Based on the publicly available docket in Watson's state court criminal case, Linardo is the District Attorney prosecuting the case. *See Commonwealth v. Watson*, CP-36-CR-4287-2024 (C.P. Lancaster).  Watson's claims against Linardo are based solely on his decision not to issue writs to secure Watson's appearance in court, which has prevented Watson from presenting his motions to proceed *pro se* and to dismiss the case. (Compl. at 19.)  However, prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020).  *See also id.* at 164 (3d Cir. 2020) (prosecutors were entitled to immunity from claims based on allegations "that at hearings and at trial the Prosecutors withheld material exculpatory evidence from defense counsel, the court, and the jury; filed a criminal complaint without probable cause; and committed perjury before and during trial").  Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

Absolute immunity can extend to "the duties of the prosecutor . . . involv[ing] actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Mancini v. Lester*, 630 F.2d 990, 994 n.6 (3d Cir. 1980) (quoting *Imbler*, 424 U.S. at 431 n.33). This means prosecutors have absolute immunity from suits challenging their preliminary "strategic decisions," such as whether or not to call a witness, or their decision not to prosecute a case. *Harris v. Krasner*, No. 23-2068, 2024 WL 2861848, at *2 (3d Cir. June 6, 2024), publication ordered, No. 23-2068, 2024 WL 3493020 (3d Cir. July 22, 2024). Linardo's decision not to issue writs to secure Watson's appearance is a task intimately associated with the judicial process and he is entitled to immunity for his decisions in this regard. Watson's claims against Linardo will be dismissed with prejudice.

## C.    Claims Against Judges Conrad and Brown

Watson asserts claims against Judges Conrad and Brown because each one granted a continuance of the underlying state court criminal proceedings. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions

8

are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Immunity also extends to allegations, like those made by Watson, that a judge has entered in to a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).Wat

Although judicial immunity previously applied only to damages claims, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*) (quoting § 1983); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000) (observing that the 1996 amendment "implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate"). In the context of judicial defendants, the United States Court of Appeals for the Third Circuit has explained that "a judge who acts as a neutral and impartial arbiter of a statute is not a proper defendant to a Section 1983 suit challenging the constitutionality of the statute." *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017). "However, a judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief." *Id.*

Judges Conrad and Brown granted continuances in Watson's criminal proceedings, a function normally performed by a judge. They are not alleged to have acted in the absence of jurisdiction or outside of their judicial roles. Additionally, there is no allegation that a declaratory decree was violated in the course of the proceedings described. In these

circumstances, Judges Conrad and Brown are entitled to immunity, and Watson's claims against them will be dismissed with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Watson leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Watson will not be granted leave to file an amended complaint because to do so would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).

An appropriate Order follows.

BY THE COURT:

_____

KAI N. SCOTT, J.